FRED A. RISSER, Chairperson, Senate Organization Committee
You ask whether a political organization is eligible for a raffle license. *Page 324 
Section 163.90, Stats., as created by ch. 426, Laws of 1977, provides in part that "any organization to which contributions are deductible for federal or state income tax purposes" may conduct a raffle upon receiving a license for the raffle event from the Bingo Control Board. For reasons hereafter set forth and subject to the conditions discussed, it is my opinion that political organizations are eligible for a raffle license under sec. 163.90, Stats.
Some concern has been expressed over the proper definition of the word "organization" within the meaning of the applicable statute. The introductory passage to sec. 990.01, Stats., provides that in the construction of Wisconsin laws, the words and phrases which follow shall be construed as indicated unless such construction would produce a result inconsistent with the manifest intent of the Legislature. Subsection (1) provides that all words and phrases shall be construed according to common and approved usage except for technical words and phrases and others that have a peculiar meaning in the law. According to its common and approved usage, the word "organization" is a "group of people that has a more or less constant membership, a body of officers, a purpose and usually a set of regulations." Webster's Third NewInternational Dictionary 1590 (3rd ed. 1961). It also is defined as a body of administrative officials or, more specifically, a professional and full-time body of officials directing the affairs of a political party. Id. Thus, although each application must be examined on its own merits, generally a political party or a political campaign committee would qualify as an "organization" under sec. 163.90, Stats.
The statute refers to contributions which are deductible for federal or state income tax purposes and does not refer to charitable contributions alone. Moreover, if any part of the contribution is deductible for federal or state income tax purposes, the conditions of the statute are satisfied. Section218 (a) of the Internal Revenue Code provides:
 (a) Allowance of deduction. — In the case of an individual, there shall be allowed as a deduction any political contribution (as defined in section 41 (c) (1)) or newsletter fund contribution (as defined in section 41 (c) (5)) payment of which is made by such individual within the taxable year.
 Section 41 (c) of the Internal Revenue Code provides in part: *Page 325 
 (1) Political contribution. — The term "political contribution" means a contribution or gift of money to —
 (A) an individual who is a candidate for nomination or election to any Federal, State, or local elective public office in any primary, general, or special election, for use by such individual to further his candidacy for nomination or election to such office;
 (B) any committee, association, or organization (whether or not incorporated) organized and operated exclusively for the purpose of influencing, or attempting to influence, the nomination or election of one or more individuals who are candidates for nomination or election to any Federal, State, or local elective public office, for use by such committee, association, or organization to further the candidacy of such individual or individuals for nomination or election to such office;
 (C) the national committee of a national political party;
 (D) the State committee of a national political party as designated by the national committee of such party; or
 (E) a local committee of a national political party as designated by the State committee of such party designated under subparagraph (D).
. . . .
 (5) Newsletter fund contribution. — The term "newsletter fund contribution" means a contribution or gift of money to a fund established and maintained by an individual who holds, has been elected to, or is a candidate for nomination or election to, any Federal, State, or local elective public office for use by such individual exclusively for the preparation and circulation of a newsletter.
Although the above quoted passages from the Internal Revenue Code answer the question which you have raised, I invite your attention to the remaining portions of secs. 41 and 218 of the Code. These sections might prove helpful in determining whether a license *Page 326 
should be issued when an organization's entitlement to one is not clear.
Section 71.02 (2)(f), Stats., as herein material, defines "Itemized deductions" as "deductions from federal adjusted gross income allowable under the internal revenue code in determining federal taxable income." Our state income tax laws at no point specifically allow for the deduction of any political contributions other than those allowed under the Internal Revenue Code and, therefore, sec. 71.02 (2)(f), Stats., adopts by reference the Code provisions discussed above.
It is conceivable that not all political organizations will qualify for a raffle license because of an additional condition contained in sec. 163.90, Stats. The organization must have been in existence for one year immediately preceding its application for a license or must be chartered by a state or national organization which has been in existence for at least three years. Although these alternative requirements obviously are satisfied by most political organizations such as established county political parties, the entitlement of a political campaign committee is not always so clear. I make this observation because the Bingo Control Board has received applications from personal campaign committees which have not been in existence for one year immediately preceding application for a license. On the other hand, other personal campaign committees which have applied for licenses have been in existence for at least one year.
The Legislature has provided that the profits from bingo not be used for "any activities consisting of an attempt to . . . participate in any political campaign on behalf of any elected official or . . . candidate for public office." Secs. 163.02 (2) and 163.03 (8)(b), Stats. However, the Legislature carefully excluded raffles from this prohibition inasmuch as the amendments in ch. 426, sec. 3, Laws of 1977, restrict only "the profits of bingo . . . [to] the lawful purposes specified in this chapter."
Although not directly related to your question, the Bingo Control Board also has asked whether a village, city, township, county, school district, etc., is eligible for a raffle license since contributions to these political subdivisions of the state are deductible under sec. 170 of the Internal Revenue Code. Subsection (b)(1)(A)(v) of sec. 170 *Page 327 
provides, in effect, that charitable contributions are deductible for federal income tax purposes when made to a governmental unit referred to in subsec. (c)(1). Subsection (c)(1) states that the term "charitable contribution" means a contribution or gift to or for the use of a state or any political subdivision thereof but only if the contribution or gift is made for exclusively public purposes.
As sec. 163.90, Stats., covers any organization to which contributions are deductible for federal or state income tax purposes, it is my opinion that these political subdivisions would be so eligible. They would qualify under the definition of "organization" discussed above and other commonly approved usages of that term. It is not essential that these organizations have "members" in any technical sense because the residents of the political subdivision would constitute "a group of people that has a more or less constant membership."
Moreover, sec. 163.11 (1), Stats., expressly provides that "any organization, other than the state or any political subdivisionthereof, to which contributions are deductible for federal or state income tax purposes, may apply to the board for a license to conduct bingo." This specific exclusion of the state or any political subdivision thereof under the bingo provisions and the absence of such exclusion relative to raffles under sec. 163.90, Stats., which was enacted after the bingo provisions, clearly shows the legislative intent even though resort to legislative intent is unnecessary because of the clear and unambiguous language of sec. 163.90, Stats., and the applicable provisions of the Internal Revenue Code.
BCL:DPJ